UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

MARIO K. JOHNSON

CRIMINAL NO. 07-17-FJP-CN

(CV 10-150-FJP-CN)

### RULING

The defendant, Mario K. Johnson, has filed a motion under 28 U.S.C. § 2255 seeking to have the Court modify his sentence.[1] The motion is denied.

The defendant was sentenced by the Court on October 8, 2008, after pleading guilty to distribution of five grams or more of cocaine. Defendant was sentenced to the custody of the Bureau of Prisons for a total term of 210 months. The term of imprisonment imposed was ordered to run consecutive to the defendant's imprisonment under any previous state or federal sentence. Pursuant to USSG § 5G1.3, <u>Imprisonment of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment</u>, (Policy Statement), "the sentence for the instant offense may be imposed to run concurrently, partially concurrent, or consecutive to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

---

[1] Rec. Doc. No. 52.

Doc#46633

The defendant committed the instant offense less than two years following his release from custody on the charge of unauthorized use of a movable in the 21st Judicial District Court. Additionally, on January 26, 2006, the defendant was charged with possession with intent to distribute a Schedule II controlled dangerous substance. On February 21, 2006, the defendant was charged with possession with intent to distribute a Schedule II controlled dangerous substance. On August 17, 2006, the defendant was once again charged with possession with intent to distribute a Schedule II controlled dangerous substance. The defendant was ultimately convicted for the commission of these drug offenses and on October 11, 2006, the defendant was sentenced to the custody of the Louisiana Department of Corrections for 20 years, to run concurrently.

Since the instant offense involves distribution of five grams or more of cocaine base, the defendant was 18 years or older at the time of its commission, and the defendant has at least two prior felony convictions for controlled substance offenses, the defendant is considered a "career offender" within the meaning of USSG § 4B1.1 of the guidelines. As such, the Court's original sentence is appropriate under the facts of this case.

Therefore, defendant's motion to vacate, modify or set aside sentence is denied.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, March 8, 2010.

                                FRANK J. POLOZOLA
                                MIDDLE DISTRICT OF LOUISIANA