# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| MARIO K. JOHNSON | 07-17-SDD-EWD |

## **RULING**

This matter is before the Court on the *Motion to Vacate under 28 U.S.C. 2255 as to Johnson/Welch Act*[1] by Defendant, Mario K. Johnson ("Defendant"). The Government has filed an *Opposition*[2] to this motion. Because the Court lacks jurisdiction over this matter, Defendant's motion shall be denied.

On May 29, 2007, the Defendant pled guilty to distribution of five grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On October 8, 2008, the Defendant was sentenced to 210 months of imprisonment.

On March 3, 2010, Defendant filed a *Motion to Vacate Sentence under 28 U.S.C. § 2255*,[3] which the Court denied.[4] On May 20, 2015, Defendant filed another *Motion to Vacate Sentence under 28 U.S.C. § 2255*,[5] which the Court transferred to the Fifth Circuit since Defendant had failed to receive authorization to file a successive Section 2255 motion.[6] The Fifth Circuit denied authorization for the Defendant's successive

---

[1] Rec. Doc. No. 74.
[2] Rec. Doc. No. 79.
[3] Rec. Doc. No. 52.
[4] Rec. Doc. No. 53.
[5] Rec. Doc. No. 61.
[6] Rec. Doc. No. 63.
40537

Section 2255 motion.[7]

Defendant has filed the current motion, his third motion to vacate pursuant to Section 2255, and has again failed to get authorization for this filing from the Fifth Circuit. Therefore, this Court lacks jurisdiction over Defendant's motion.

In order to obtain permission from the appellate court, the Defendant must make a *prima facie* showing that his proposed Section 2255 motion relies upon either (1) "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[8] When seeking leave to file a successive Section 2255 motion on the basis of a new rule of constitutional law, a movant "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule ... or applies the rule in a collateral proceeding."[9]

Before the motion can be considered on the merits by this Court, the Defendant must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a *prima facie* showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until such time as petitioner obtains said authorization, this Court may not proceed.

---

[7] Rec. Doc. No. 64.
[8] § 2255(h); § 2244(b)(3)(C); *Reyes–Requena v. United States*, 243 F.3d 893, 897 (5th Cir. 2001).
[9] *In re Tatum*, 233 F.3d 857, 859 (5th Cir. 2000) (internal quotation marks and citation omitted).
40537

Accordingly, the Defendant's *Motion to Vacate under 28 U.S.C. 2255 as to Johnson/Welch Act*[10] is denied without prejudice to the Defendant obtaining authorization from the United States Court of Appeals for the Fifth Circuit to file a successive petition.[11]

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>August 9, 2017</u>.

      *Shelly D. Dick*
      **JUDGE SHELLY D. DICK**
      **UNITED STATES DISTRICT COURT**
      **MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. No. 74.
[11] Although the Court lacks jurisdiction to address the merits of Defendant's motion, the Court cautions Defendant that a cursory review of his motion suggests that *Johnson v. United States*, 135 S.Ct. 2551 (2015) does not provide the requested relief as Defendant's sentence was enhanced under the Guideline career offender provisions, and *Johnson* provides relief only for sentences enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).
40537